IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA

VS.	4:05-CR-00101-01-BRW
	4:16-CV-00401-BRW

TIERRIE JONES

## ORDER

Pending is Defendant's Motion to Vacate, Set Aside, or Correct Sentence based on *Johnson v. United States*[1] (Doc. No. 89). The Government has responded.[2] For the reasons set out below, the motion is GRANTED.

### I. BACKGROUND

On June 20, 2007, Defendant pled guilty to being a felon in possession of a firearm.[3] On November 14, 2007, he was sentenced to 180 months in prison and 4 years supervised release.[4] Defendant's sentence was enhanced under the Armed Career Criminal Act ("ACCA") based on prior convictions for residential burglary, aggravated robbery, and aggravated assault.

### II. DISCUSSION

Under the ACCA a defendant receives an increased sentence if he had three separate, previous convictions for "a violent felony or a serious drug offense, or both . . . ."[5] "Violent felony" was defined, in part, as a felony that:

---

[1] 135 S. Ct. 2551 (2015). In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court ruled that *Johnson* could be applied retroactively.

[2] Doc. No. 91.

[3] Doc. No. 52..

[4] Doc. Nos. 57, 58.

[5] 18 U.S.C. § 924(e)(1).

1

    (i)      has as an element the use, attempted use, or threatened use of physical force against the person of another; or

    (ii)     is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .[6]

The phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another" is known as the "residual clause." In *United States v. Johnson*,[7] the Supreme Court held that the "residual clause" of the ACCA was unconstitutionally vague and violated due process.

The Government concedes that Defendant's prior conviction for aggravated assault falls under the residual clause found unconstitutional in *Johnson*. Accordingly, the ACCA does not apply, because Defendant no longer has three prior qualifying convictions.

Without the ACCA enhancement, Defendant's total offense level is 21[8] and his criminal history category is VI. This results in a guideline range of 77-96 months.

## CONCLUSION

For the reasons set out above, Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Doc. No. 89) is GRANTED. Under the Sentencing Reform Act of 1984, and considering provisions found in 18 U.S.C. § 3553, Defendant's sentence is reduced to 96 months. Supervised release is 3 years. All other conditions from the original judgment remain the same.[9]

IT IS SO ORDERED this 14th day of July, 2016.

                                /s/ Billy Roy Wilson
                                UNITED STATES DISTRICT JUDGE

---

[6] 18 U.S.C. § 924(e)(2)(B).

[7] 135 S. Ct. 2551 (2015).

[8] Defendant's base offense level is 24 under USSG § 2K2.1. After a 3-point reduction for acceptance of responsibility, the total offense level is 21.

[9] Doc. No. 58.